UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JARED BREAUX, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1055 |
| OCCIDENTAL CHEMICAL CORPORATION, ET AL. | * | SECTION "P" (2) |
| | * | |

**ORDER AND REASONS**

Pending before me is a Motion for Leave to File Second Amended Complaint filed by Plaintiffs Jared Breaux, Jayce Breaux and Josh Dake. ECF No. 42. Defendant Occidental Chemical Corporation timely filed Opposition Memorandum. ECF No. 44. Plaintiffs did not file a Reply Memorandum. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion for Leave to File Second Amended Complaint is DENIED WITHOUT PREJUDICE for the reasons stated herein.

## I.    BACKGROUND

Plaintiffs filed this suit in state court for personal injuries sustained while working as pipefitters for River Parish Contractors at Defendant Occidental Chemical Corporation's Geismar plant. ECF No. 1-2. Defendant removed the case to this Court on May 28, 2025, shortly after which Plaintiffs filed an Amended Complaint. ECF Nos. 1, 5. Defendant filed an Answer and Amended Answer. ECF Nos. 8, 11. The Court issued a Scheduling Order and two Amended Scheduling Orders. ECF Nos. 17, 33, 39. The current Scheduling Order required any amendments be filed by February 25, 2026. ECF No. 39 at 1.

1

On February 19, 2026, Plaintiffs filed this motion seeking leave to file a Second Amended Complaint.  ECF No. 42.  Plaintiffs argue that Defendant's Amended Answer filed on July 10, 2025, included a statutory employer defense, and consequently, they seek to amend to add claims that their injuries were substantially certain, thus presenting an intentional claim as necessary to overcome the exclusivity of Louisiana's workers' compensation provisions.  ECF No. 42-1 at 3 (citing ECF No. 11 at 8).  Plaintiffs argue that Defendant will suffer no prejudice as trial is eight months away, they did not unduly delay seeking leave, and amendment is not futile.  *Id.* at 4.

In Opposition, Defendants argue that Plaintiffs' request for leave to amend should be denied because Plaintiffs were dilatory when they failed to assert any intentional act within the original Scheduling Order's deadline of October 3, 2025, after Defendant asserted the statutory defense in July 2025 or when it reiterated that defense in the September 2025 status report.  ECF No. 44 at 3, 13-14.  Further, Defendant argues Plaintiffs' effort to delete the word negligently and substitute the allegation that a worker committed intentional or substantially certain conduct is a formulaic, conclusory assertion with insufficient facts necessary to state a claim.  *Id.* at 4-5.  On that basis, Defendant argues the amendment is futile.  *Id.* at 6-13.

## II.    APPLICABLE LAW AND ANALYSIS

Rule 15(a) applies when a party seeks leave to amend before expiration of the deadline for amendments, but when leave is sought *after* the scheduling order deadline for amendments has expired, the analysis is governed by Rule 16.[1]  As Plaintiffs filed this motion for leave to amend before issuance of Scheduling Order, the request is governed by Rule 15(a) rather than the more stringent good cause requirements of Rule 16(b).

---

[1] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, *NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (holding that Rule 16(b) governs amendment of pleadings after expiration of the scheduling order deadline and only upon a showing of good cause will the more liberal standard of Rule 15(a) then apply).

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[2] Although leave to amend is not automatic,[3] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[4] The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[5] Denial of leave to amend is reviewed for abuse of discretion,[6] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[7]

### 1. Undue Delay

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[8] A litigant's failure to assert a claim as soon as he could have done so is properly a factor to be considered in deciding whether to grant leave to amend.[9] "Merely because a claim was not presented as

---

[2] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[3] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991).

[4] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord. Mayeaux,* 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

[5] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. Jan. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Spicer*, 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

[6] *Carroll*, 470 F.3d at 1174 (citation omitted).

[7] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).

[8] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "for permissive amendment"); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to 'freely give leave to amend when justice so requires.'" (citation omitted)).

[9] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).

promptly as possible, however, does not vest the district court with authority to punish the litigant."[10]  At some point, plaintiff's delay can be procedurally fatal.[11]  In that situation, plaintiff must meet the burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect."[12]

Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, *i.e.*, it must prejudice the nonmoving party or impose unwarranted burdens on the court."[13]  Courts have found "undue delay" when a plaintiff knew the facts "all along" but waited over a year after the first amended complaint to seek leave to amend raising those facts.[14]

### 2.  Bad Faith

The Fifth Circuit has defined bad faith generally as

> implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.[15]

Defendant does not assert bad faith.

### 3.  Repeated Failures to Cure

The Fifth Circuit has affirmed denial of leave to amend where a party has been given multiple opportunities to cure a defect.[16]  There is no indication that Plaintiffs have been given

---

[10] *Id.*

[11] *Smith*, 393 F.3d at 595 (quoting *Whitaker v. City of Hou.*, 963 F.2d 831, 836 (5th Cir. 1992)).

[12] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (per curiam) (citation omitted).

[13] *Mayeaux*, 376 F.3d at 427 (emphasis and citations omitted); *see also Flores v. Amazing Grace Primary Home Care, L.L.C.*, No. 24-40434, 2025 WL 832795, at *6 (5th Cir. Mar. 17, 2025) (per curiam) (finding no undue delay when amendment sought four months after defendants' first appearance and motion to amend (citation omitted)).

[14] *See, e.g.*, *C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314–15 (5th Cir. 2016) (affirming district court's decision).

[15] *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir. 2002) (quoting *Bond v. Broadway*, 607 So. 2d 865, 867 (La. Ct. App. 1992)).

[16] *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint); *see also Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (finding district court's denial of leave to amend proper where

4

multiple opportunities to cure the defect at issue.[17]

### 4. Undue Prejudice

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[18]  A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[19]  Likewise, amendments that fundamentally alter the nature of the case or would force a party to re-urge the same arguments presented in previous dispositive motions[20] are considered prejudicial.[21]  While additional fees and costs incurred to respond may

litigation was pending for five years, plaintiff's deficiency was first identified over three years ago, and the court allowed three prior amended complaints); *St. Germain v. Howard*, 556 F.3d 261, 264 (5th Cir. 2009) (affirming denial of a motion for leave to amend where "[a]ppellants had several opportunities to state their best case"); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (concluding that justice did not require allowing plaintiff an additional opportunity to amend); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566–67 (5th Cir. 2002) (affirming refusal to permit amendment after plaintiff had amended twice).

[17] *Cf. Flores*, 2025 WL 832795, at *6 ("[T]his is not a situation where the district court ever pointed out the deficiencies in the complaint and allowed amendment. Most, importantly this is merely a *second* amended complaint: while the first amended complaint may have failed to cure the prior pleading deficiency, it was not a 'repeated' failure." (emphasis in original)).

[18] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co*., 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[19] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)); *cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant," and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); *see also C3PO Int'l*, 663 F. App'x at 314 (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines).

[20] *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

[21] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding the complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ ] the case anew").

cause some prejudice, it does not constitute "undue" prejudice necessary to justify denial of a motion to amend.[22]

A court should generally allow the plaintiff leave to amend his complaint to correct the defect before dismissing a complaint.[23] Given that the amendment seeks to elaborate on the factual basis of the claims rather than assert an entirely new claim that changes the nature of the case and allowing amendment would not require re-opening discovery or reconsidering dispositive motions, Defendant cannot establish undue delay as necessary to deny Plaintiffs an opportunity to amend.

### 5. Futility

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (*i.e.*, whether it states a plausible claim for relief).[24] The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (*i.e.*, the factual allegations must "be enough to raise a right to relief above the speculative level").[25] It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[26] If the "facts"

---

[22] *See, e.g.*, *Babin v. Caddo E. Ests. I, Ltd.*, No. 10-896, 2012 WL 3310017, at *1 (E.D. La. Aug. 13, 2012) (granting motion to amend despite argued prejudice of additional costs because that is not sufficient to establish undue prejudice); *Richards' Realty Co., L.L.C. v. Paramount Disaster Recovery, Inc.,* No. 06-2396, 2008 WL 440325, at *3 (E.D. La. Feb. 8, 2008) (Vance, J.) (stating that continued expenditure of substantial litigation resources does not establish undue prejudice); *see also Adams v. Medtronic, Inc.*, No. 19-870, 2022 WL 3268506, at *3 (E.D. Tex. Aug. 10, 2022) (preparing additional discovery and re-deposing an unidentified number of witnesses is not "considerable delay and expense" as necessary to establish undue prejudice); *EnergyBill.com, L.L.C. v. Arcadis U.S., Inc.,* No. 21-00426, 2021 WL 9352581, at *3 (W.D. Tex. Dec. 9, 2021) (stating that cursory references to the increase in cost, complication and potential juror confusion are insufficient to demonstrate the kind of undue prejudice warranting denial of leave to amend at the early stage in proceedings (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. Nov. 1981))).
[23] *See, e.g., LaPorte Constr. Co., Inc., v. Bayshore Nat'l Bank of LaPorte*, 805 F.2d 1254, 1256 (5th Cir. 1986).
[24] *Marucci Sports,* 751 F.3d at 378 (quoting *Stripling,* 234 F.3d at 873).
[25] *Twombly*, 550 U.S. at 555, 570.
[26] *Id.* at 557 (brackets in original) (citation omitted); *Iqbal*, 556 U.S. at 678 (citation omitted).

alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[27]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[28]

The court must make its decision taking the complaint in the light most favorable to the plaintiff and taking its allegations as true.[29]  Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[30]

In Louisiana, an employee is generally limited to recovery of workers' compensation benefits rather than tort damages unless the worker is injured as a result of an employer's intentional act.  LA. REV. STAT. § 23:1032(A)(1), (B).  The exception to the workers' compensation exclusivity rule allows an employee who suffers an intentional battery at the hands of a co-worker to obtain tort recovery.[31]  The standard to fall within this exception is extremely high as it is applied

---

[27] *Iqbal,* 556 U.S. at 678 (citation omitted).

[28] *Id.* 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

[29] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[30] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 ("[The] obligation to provide the grounds of [ ] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations and internal quotation marks omitted)).  When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).  Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).

[31] *Harper v. Boise Paper Holdings, LLC*, 575 F. App'x 261, 263 (5th Cir. 2014) (citing *Larroquette v. Cardinal Health 200, Inc*., 466 F.3d 373, 376 (5th Cir. 2006) (citing *Cole v. State Dep't of Pub. Safety & Corr.*, 825 So. 2d 1134 (La. 2002))).

in strict and limited circumstances.[32]  When a complaint sets forth facts alleging that a defendant

"should have known" that an injury would occur, that states a negligence claim, not an intentional

tort claim.[33]  To state an intentional tort claim, plaintiff must allege that the defendant consciously

desired that plaintiff sustain the injury or include facts demonstrating that the defendant knew the

injury was substantially certain to follow.[34]

> As the Fifth Circuit has explained:
>
> The term "intentional" means that the tortfeasor "either (1) consciously
> desires the physical result of his act, whatever the likelihood of that result
> happening from his conduct; or (2) knows that the result is substantially
> certain to follow from his conduct, whatever his desire may be as to that
> result."[35]

 "[S]ubstantially certain to follow" means more than a reasonable probability that an injury will

occur, and "certain" is defined as "inevitable or incapable of failing."[36]  Even an employer's

knowledge that the use of a dangerous machine creates a high probability that an employee would

be injured is insufficient to meet the substantial certainty test.[37]  Instead, Louisiana courts look to

prior examples of past injury from the conduct at issue when finding an intentional tort claim.[38]

Numerous cases have held that the mere violations of safety standards or failing to provide safe

equipment does not suffice.[39]

---

[32] *Chester v. Sunbelt Rentals Scaffold Servs., LLC*, No. 25-1138, 2025 WL 2271952, at *2 (E.D. La. Aug. 6, 2025) (Africk, J.) (quoting *Cole*, 825 So. 2d at 1141; *Hernandez v. Dedicated TCS, L.L.C.*, No. 16-3621, 2017 WL 2876640, at *3 (E.D. La. July 5, 2017) (Morgan, J.)).
[33] *Harper*, 575 F. App'x at 263-64.
[34] *Id.* at 264.
[35] *Id.* (quoting *Larroquette*, 466 F.3d at 376).
[36] *Id.* (quoting *Reeves v. Structural Pres. Sys.*, 731 So. 2d 208, 213 (La. 1999) (internal quotation marks and citations omitted)).
[37] *Id.* (citing *Reeves*, 731 So. 2d at 213); *see also Stanley v. Airgas-Sw., Inc.*, 171 So. 3d 915, 916 (La. 2015) (substantial certainty "requires more than a reasonable probability that an injury will occur" (citation omitted)).
[38] *See Harper*, 575 F. App'x at 264 (citing *Reeves*, 731 So. 2d at 213 (citing cases)).
[39] *Id.* (citing *Reeves*, 731 So. 2d at 213 (citing cases)).

Plaintiffs' proposed Amended Complaint does not add any new parties or claims.  Instead, it purports to add new factual allegations to counter Defendants' assertion of a statutory employer defense.  A comparison of the current and proposed complaint reflects that, other than removing former defendant Henderson, the Second Amended Complaint adds the words "intentional tort (or substantially certain)" and deletes the word "negligently" from ¶ 14, and adds a new ¶ 16, which reads:

> 16. Additionally, the incident sued hereupon was substantially certain to occur. The dangerous nature and manner of work being performed made it substantially certain that dangerous gas would be released and cause substantial injuries. Defendant knew Plaintiffs' injuries were substantially certain to occur. In fact, Defendant affirmatively required Plaintiffs to perform the conduct causing their injuries and deliberately refused known corrective measures that would immediately prevent their inevitable injuries. Defendant knew that having inadequate dry process air systems would injure someone. Defendant and its employees knew that injuries were substantially certain to occur when conducting operations without adequate lock out/tag out. Further, Defendant knew that injuries were substantial certain to occur when conducting simultaneous operations without proper training and procedures. Defendant also knew of the serious risks to Plaintiffs and failed to act to prevent the incident. Due to the unsafe nature of the work, prior identical incidents, managerial knowledge of the incidents, and refusal to correct actions despite knowledge of the previous incidents, it was only a matter of time before the incident would occur.

ECF No. 42-2 at 5-6.

Plaintiffs' new allegations fall in line with those cases holding that violations of safety standards or failures to provide safe equipment fail to demonstrate that an employer knew to a substantial certainty that an injury would occur.[40]  As Judge Ashe recently found in addressing similar allegations to those set forth by Plaintiffs, at most, these allegations raise an issue of gross negligence, not an intentional tort falling within the exception to workers' compensation exclusivity.[41]

---

[40] *See, e.g., id.*; *Chester*, 2025 WL 2271952 at *3.
[41] *See Segue v. Walmart, Inc.*, No. 21-1467, 2021 WL 5083805, *3 (E.D. La. Nov. 2, 2021).

9

In deciding whether claims in an amended complaint are futile, however, the Court may not deny the motion for leave to amend "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[42]  The Court limits its inquiry to whether the plaintiff is entitled to offer evidence to support claims and does not address whether the plaintiff will ultimately prevail on the merits.[43]  At this point, although the allegations in Plaintiffs' proposed Amended Complaint do not set forth sufficient facts necessary to fall within the exception to the workers' compensation exclusivity provision, it is not clear that Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief.  Moreover, allowing Plaintiffs an opportunity to amend gives them the chance to "plead their best case" before asking the court to rule on the motion to dismiss.[44]

## III.    CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' request for leave is not barred by undue delay, bad faith, or repeated failure to cure.  And while Plaintiffs did not seek to amend as early as they could have, Defendant has not established how it is prejudiced by an amendment seeking to invoke the exception to workers' compensation exclusivity.  Plaintiffs' proposed Amended Complaint, however, is futile as same falls short of that required to state such a claim.  At this point, however, the Court cannot conclude that it appears beyond doubt that Plaintiffs could prove no set of facts to support that claim.  As such, they should be allowed a final opportunity to state the facts necessary to support that claim.

Accordingly,  for the foregoing reasons,

---

[42] *Stripling*, 234 F.3d at 873 (internal quotations and citations omitted).

[43] *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).

[44] *See Louisiana v. Bank of Am. Corp.,* No. 19-638, 2020 WL 3966875, at *2 (M.D. La. July 13, 2020) (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *see also Biwen Liang v. Home Reno Concepts LLC*, No. 17-3503, 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) ("It is a far better conservation of judicial and party resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the RICO claim.").

IT IS ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 42) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Scheduling Order be amended to allow Plaintiffs to file a motion for leave to amend, attaching a proposed complaint that sets forth the necessary factual allegations to trigger the exclusivity exception, within 14 days of this Order.

New Orleans, Louisiana, this ___11th___ day of March, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

11