UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JARED BREAUX, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1055 |
| OCCIDENTAL CHEMICAL CORPORATION, ET AL. | * | SECTION "P" (2) |

**ORDER AND REASONS**

Pending before me are three motions:  (1) Motion for Leave to File Amended Complaint filed by Plaintiffs Jared Breaux, Jayce Breaux and Josh Dake; (2) Motion for Extension of Deadlines and for Leave to File Dispositive Motions by Occidental Chemical Corporation; and (3) Motion to Quash Depositions, Stay Discovery and for Protective Order filed by Defendant Occidental Chemical Corporation.  ECF Nos. 51, 53, 54.  The parties filed Opposition and Reply Memoranda.  ECF Nos. 56, 57, 59, 60.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion for Leave to File Amended Complaint is GRANTED, Defendant's Motion for Extension of Deadlines and for Leave to File Dispositive Motions is GRANTED, and Defendant's Motion to Quash Deposition, Stay Discovery and for Protective Order is GRANTED, all for the reasons stated herein.

I.    **BACKGROUND**

Plaintiffs filed this suit in state court for personal injuries sustained while working as pipefitters for River Parish Contractors at Defendant Occidental Chemical Corporation's Geismar plant.  ECF No. 1-2.  Defendant removed the case to this Court on May 28, 2025, shortly after which Plaintiffs filed an Amended Complaint.  ECF Nos. 1, 5.  Defendant filed an Answer and

1

Amended Answer.  ECF Nos. 8, 11.  The governing Scheduling Order dated January 26, 2026, establishes an October 26, 2026, trial date and July 16, 2026, discovery deadline.  ECF No. 39.

## II.   APPLICABLE LAW AND ANALYSIS

### A.  The Motion to Amend

After Defendant filed an Amended Answer raising a statutory employer defense, Plaintiffs sought leave to file an Amended Complaint to add claims that their injuries were substantially certain, thus presenting an intentional claim as necessary to overcome the exclusivity of the Louisiana Workers' Compensation Act ("LWCA").  ECF No. 42; No. 42-1 at 3 (citing ECF No. 11 at 8).  By Order dated March 11, 2026, the Court denied the motion without prejudice, finding that the allegations of the proposed amended complaint raised, at most, an issue of gross negligence rather than an intentional tort within the exclusivity exception.  ECF No. 47 at 9-10.  Because it was not clear, however, that Plaintiffs could prove no set of facts in support of their claim that would entitle them to relief, the Court granted Plaintiffs 14 days to file an amended complaint, thus providing them with a final opportunity to "plead their best case" before asking the court to rule on a motion to dismiss.  *Id.* at 10-11.[1]

Rather than simply file an Amended Complaint, as authorized by the March 11, 2026, Order, Plaintiff filed this Motion for Leave to File Amended Complaint.  ECF No. 51.  As previously explained, the five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue

---

[1] *See Louisiana v. Bank of Am. Corp.,* No. 19-638, 2020 WL 3966875, at *2 (M.D. La. July 13, 2020) (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *see also Biwen Liang v. Home Reno Concepts LLC*, No. 17-3503, 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) ("It is a far better conservation of judicial and party resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the RICO claim.").

prejudice to the opposing party, and (5) futility of the amendment.  ECF No. 47 at 2-3.  Defendant

does not assert (or re-assert) undue delay, bad faith, repeated failure to cure or undue prejudice in

opposition.  Rather, Defendant focuses exclusively on futility.  ECF No. 56 at 5-15.

### B. Defendant's Motions to Quash Deposition, Stay Discovery, Issue Protective, Extend Expert Deadlines and for Leave to File Dispositive Motions

Defendant requests permission to file dispositive motions as to the preliminary issue of its

entitlement to tort immunity under the LWCA via its statutory employer defense and the

applicability of the intentional act exclusion.  ECF No. 53; No. 53-1 at 4-5.  It also seeks to extend

its expert report deadline from May 18, 2026, to July 17, 2026, and the expert discovery deadline

to August 17, 2026.  ECF No. 53.  It also seeks to quash deposition notices of Eric Henderson,

Jason Jenkins and Occidental and to stay all discovery unrelated to the statutory employer defense.

ECF No. 54.  Defendant argues that good cause exists to extend the expert report deadline because

the Court has not yet decided whether to allow Plaintiffs to plead a claim for intentional tort, and

if Plaintiffs are allowed to do so, it will need to engage an expert.  ECF No. 53-1 at 5-6.  In addition,

Defendant identifies several experts that must be engaged should it not prevail on its preliminary

workers' compensation exclusivity defense.  *Id.* at 6.  Defendant asserts that discovery should be

stayed pending resolution of its preliminary dispositive defense based on the exclusivity of the

LWCA.  ECF No. 54-1 at 5-8.

In Opposition, Plaintiffs argue that a protective order is improper, courts regularly deny

requests to stay discovery based on a pending dispositive motion, Defendant has not established

good cause to modify the scheduling order, Defendant has not yet filed its dispositive motion, and

there is no reason that Defendant cannot complete the necessary expert discovery by the existing

deadlines.  ECF No. 57 at 3-8.  For these reasons, Plaintiffs ask that the Court deny the motions.

In Reply, Defendant essentially reiterates all of its prior arguments and distinguishes the cases cited by Plaintiffs in their Opposition Memoranda.  ECF Nos. 59, 60.

As a matter of federal procedure, a request to stay discovery is considered a motion for protective order under Rule 26(c)(1)(A)-(B).  Good cause may exist when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expensive" absent a stay.[2]  Courts are accorded the discretion to stay discovery where a dispositive motion might preclude the need for discovery entirely.[3]  In determining whether a stay of discovery is appropriate, courts are to balance any harm produced by a stay against the possibility that a dispositive motion would be granted and eliminate the need for any discovery.[4] As such, the movant must establish good cause to support issuance of a protective order, which requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[5]

Although a stay of discovery while dispositive motions are pending is more the exception than the rule,[6] courts issue protective orders to stay discovery pending disposition of a motion to

---

[2] FED. R. CIV. P. 26(c)(1).

[3] *Your Preferred Printer, LLC v. United Wholesale, LLC*, 2012 WL 2190853, at *2 (E.D. La. June 14, 2012) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO,* 901 F.2d 404, 436 (5th Cir. 1990)) (holding that a stay is appropriate towards a defendant asserting fiduciary shield doctrine in a 12(b)(2) motion and the plaintiff has not demonstrated how it would suffer harm from a stay of discovery); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (recognizing that trial courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined").

[4] *Your Preferred Printer*, 2012 WL 2190853, at *2 (citing *Dresser v. MEBA Med. & Benefits Plan*, No. 08–2662, 2008 WL 2705584 (E.D. La. July 10, 2008)).

[5] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *see also United States v. Talco Contractors, Inc*., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged."). Thus, "[t]he Court does have discretion to stay discovery 'for good cause shown.'" *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 14-257, 2014 WL 1976867, at *1 (N.D. Tex. May 15, 2014) (quoting FED. R. CIV. P. 26(c)(1); and citing *Landry*, 901 F.2d at 436).  Given the Court's "broad discretion to manage the conduct of discovery, . . .  no categorical rule is appropriate; rather each case should be considered based on its unique facts and context." *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (citation modified).

[6] *Notariano v. Tangipahoa Par. Sch. Bd.,* No. 16-17832, 2018 WL 3844882, at *2 (E.D. La. Aug. 13, 2018) (citation omitted); *Griffin v. Am. Zurich Ins. Co*., No. 14-2470, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) (citation omitted) (staying discovery while a motion to dismiss is pending "is the exception rather than the rule").

dismiss and/or motion for summary judgment when the party seeking such protection proves its necessity,[7] such as when the dispositive motion raises a purely legal issue.[8]  Moreover, when dismissal is sought on the grounds of immunity, a stay of discovery is virtually routine.[9]

Before recently staying discovery in a LWCA exclusivity case, Chief Magistrate Judge van Meerveld explained:

> "Louisiana Workers' Compensation Law is a quid-pro-quo system that affords the injured worker with certain but limited benefits in exchange for the general immunity from tort liability granted to the employer."  Thus, "an employee injured in an accident while in the course and scope of his employment is generally limited to the recovery of workers' compensation benefits as his exclusive remedy against his employer and may not sue his employer, or any principal, in tort." Both the direct employer and the statutory employer are protected.
>
> "The determination of statutory employer status is a question of law for the court to decide."  The LWCA establishes a rebuttable presumption that a statutory employer relationship exists when "there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer." . . .
> The immunity provided by the LWCA does not extend to liability "resulting from an intentional act." . . . The intentional act exception is "narrowly construed" and is not satisfied by a violation of safety standards or by gross negligence.[10]

---

[7] *See, e.g.*, *Dresser*, 2008 WL 2705584, at *2 (stating a temporary stay of discovery did not amount to an abuse of discretion as a "plaintiff's entitlement to discovery prior to a ruling on a motion to dismiss is not unlimited and may be terminated when the record shows that the requested discovery is not likely to produce facts necessary to withstand judgment as a matter of law" (citing *Aguirre v. Nueces Cnty.*, 217 F. App'x 348, 349 (5th Cir. 2007) (noting that a party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts"))).

[8] *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (citing *Brazos Valley Coal. for Life, Inc. v. City of Bryan*, 421 F.3d 314, 327 (5th Cir. 2005)) (finding no abuse of discretion to stay discovery where dispositive motion raised issue of law); *see also Landry*, 901 F.2d at 435-36 (affirming trial court's stay of discovery pending resolution of summary judgment motion where issues raised were purely legal and discovery would not aid their resolution); *Fed. Ins. Co. v. N.H. Ins. Co.*, No. 03-385, 2010 WL 1757932, at *3 (M.D. La. Apr. 30, 2010) (staying discovery in coverage dispute where pending motion raised only legal issue).  But a stay of discovery is not appropriate when it could prevent a party from having a sufficient opportunity to develop a factual basis to defend against the dispositive motion.  *Bickford v. Boerne Indep. Sch. Dist.*, No. 15-1146, 2016 WL 1430063, at *2 (W.D. Tex. Apr. 8, 2016).

[9] *See, e.g., Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (addressing qualified immunity). Qualified immunity is not only a defense to liability, but also "a limited entitlement not to stand trial or face the other burdens of litigation," including "the burdens of discovery." *Iqbal*, 556 U.S. at 672 (citation and internal quotation marks omitted); *accord. id.* at 311 (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)) ("[O]ne of the most important benefits of the qualified immunity defense is 'protection from pretrial discovery, which is costly, time-consuming, and intrusive.'").

[10] *Chenevert v. Stolthaven New Orleans LLC*, No. 25-1057, 2025 WL 3718146, at *3 (E.D. La. Dec. 23, 2025) (citations and quotations omitted),

III.   **ANALYSIS**

Courts regularly recognize that the issue of futility is best addressed in the context of resolving a substantive motion to dismiss rather than in the context of a procedural Rule 15 motion.[11]   Accordingly, Plaintiffs' motion for leave will be granted but without prejudice to Defendant's right to raise the arguments set forth in its Opposition via a Rule 12 or Rule 56 motion, set before Judge Papillion.  The Court also finds that authorizing Defendant to file dispositive motions addressing the preliminary issue of its entitlement to tort immunity under the LWCA, both regarding Plaintiffs' intentional acts exclusion and Defendant's statutory employer defense, is appropriate.  Resolution of these preliminary issues are potentially case-dispositive and should be addressed promptly.

As the LWCA's immunity issue is a threshold issue that can be decided on a narrower set of facts than required to resolve the general personal injury claims, if Defendant is correct that it is a statutory employer and Plaintiff cannot state a claim within the intentional act exclusion, then the Court will not need to address the substance of Plaintiffs' personal injury claims because they will be limited to the remedies provided for in the LWCA.  As a result, the Court finds that discovery that is not relevant to the statutory employer and worker's compensation exclusivity defenses would impose an undue burden on Defendant, Plaintiffs and the Court to the extent disputes arise regarding such discovery.  Consequently, discovery as to all issues other than those related to the statutory employer defense and intentional act exclusion will be stayed at this time.[12] For these same reasons, a brief extension of the expert report and discovery deadlines is proper.

---

[11] *See City of Baton Rouge/East Baton Rouge Parish v. Bank of Am., N.A.*, No. 19-725, 2020 WL 13033205, at *3 (M.D. La. Apr. 20, 2020); *Medarc, LLC v. Aetna Health Inc*., No. 20-3646, 2022 WL 743520, at *2 (N.D. Tex. Mar. 11, 2022) (Ramirez, M.J.) (citing cases and recognizing the virtually "unvarying" practice of resolving futility in the context of Rule 12 rather than Rule 15).
[12] *Chenevert,* 2025 WL 3718146, at *4.

To the extent the noticed depositions relate to the statutory employer or intentional act exclusion issues, they will be allowed. To the extent same seek to address the underlying personal injury claims, they will be quashed as such discovery is stayed at this time.

Contrary to Plaintiffs' argument, the fact that neither of these motions are currently pending does not justify denial of the stay. Plaintiff's amended complaint raising the intentional act exclusion has only been authorized herein. As such, Defendant could not have a pending motion directed to that issue. Its Opposition Memorandum, however, clearly articulates its position, which will be addressed by Judge Papillion upon Defendant's filing of its substantive motion. Similarly, the Scheduling Order's prohibition on the filing of dispositive motions likewise precluded Defendant from filing same before requesting the stay. Given that this Order will require Defendant to file its Rule 12(b)(6) motion as to the intentional act exclusion and its Rule 56 LWCA statutory employer immunity motion within 14 days, the absence of a currently pending motion does not justify denial of the requested stay.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 51) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motions for Extension of Deadlines is GRANTED, extending Defendant's expert report deadline to July 17, 2026 and the deadline for expert discovery to August 17, 2026.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Dispositive Motions, to Quash Depositions, Stay Discovery and for Protective Order are GRANTED IN PART AND DENIED IN PART as stated herein. Defendants must file any Rule 12(b)(6) motion directed

to Plaintiffs' intentional act claim and any Rule 56 motion directed to its statutory employer defense within 14 days.

New Orleans, Louisiana, this ___15th___ day of April, 2026.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE